IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONRAD BRAUN,

                Plaintiff,

v.

STATE OF WISCONSIN, WALWORTH
COUNTY, JUDGE DAVID REDDY, CAPTAIN JOSH
STAGGS, HOWARD SAWYERS, DAVE GERBER,
OFFICER DELGADO, and ZEKE WIEDENFELD,[1]

                Defendants.

OPINION and ORDER

24-cv-388-wmc

---

      Plaintiff Conrad Braun, who is currently incarcerated at Dodge Correctional Institution and representing himself, has filed a lawsuit in which he seeks to sue the State of Wisconsin and various Walworth County officials in conjunction with an arrest for domestic abuse, various false charges and prosecutions, and the conditions of his pretrial confinement at the Walworth County Jail.[2]  Because plaintiff is incarcerated and is proceeding without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it

---

[1] The court has revised the caption to reflect the first names of most of the defendants, as well as the correct spelling of their last names.

[2] While plaintiff has not updated his address with the court, the Wisconsin Department of Corrections Offender Locator database shows that he is currently incarcerated at Dodge Correctional Institution.

to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this standard, plaintiff's complaint must be dismissed because it does not comply with the requirements of Federal Rules of Civil Procedure 8 and 20. Therefore, to avoid dismissal of this lawsuit in its entirety, plaintiff will need to submit an amended complaint that brings just one lawsuit and corrects the deficiencies identified below.

OPINION

Plaintiff seeks to proceed under 42 U.S.C. § 1983, on claims that defendants violated his constitutional rights. His allegations consist largely of vague accusations of bias and wrongdoing by various Walworth County officials, including Circuit Court Judge David Reddy, District Attorney Zeke Wiedenfeld, Sheriff Dave Gerber, Jail Superintendent Howard Sawyers, and Sheriff's Deputies Stagg and Delgado. He alleges that he was arrested three times on false charges, which apparently include domestic battery.

Although plaintiff does not provide any detail about any of his arrests or charges, court records available online show that a month after Braun filed his complaint in June 2024, he was acquitted of various charges related to domestic abuse following a jury trial, in *State v. Braun*, Walworth Cty. Case No. 2024CF103 (accessed at wcca.wicourts.gov). In addition, plaintiff was convicted of second degree sexual assault of a child on September 13, 2024, for which he was sentenced to 10 years in state prison and 10 years extended supervision, in *State v. Braun*, Walworth Cty. Case No. 2023CF24 (accessed at wcca.wicourts.gov). Finally, plaintiff was charged with felony bail jumping and resisting or obstructing an officer in *State v. Braun*, Walworth Cty. Case No. 2023CF242 (accessed at wcca.wicourts.gov), but those charges were

dismissed. Notably, plaintiff alleges that he and other family members previously sued Walworth County in the U.S. District Court for the Eastern District of Wisconsin, Case No. 23-cv-301, for various alleged constitutional violations, including judicial and prosecutorial misconduct related to plaintiff's then-pending criminal proceedings in Case Nos. 2023CF24 and 2023CF242, but those claims were dismissed. *See Braun v. Elkhorn Police Dep't*, No. 23-cv-301, 2023 WL 3604830, at *2 (E.D. Wis. May 23, 2023), *report and recommendation adopted sub nom., Braun v. Termaat,* No. 23-cv-301, 2023 WL 4740928, at *2 (E.D. Wis. July 25, 2023), *appeal dismissed*, No. 23-2484, 2024 WL 885026 (7th Cir. Mar. 1, 2024) (dismissing plaintiffs' claims on various grounds, including immunity and *Younger v. Harris*, 401 U.S. 37 (1971)).

As noted by the Eastern District of Wisconsin and acknowledged by plaintiff in his complaint, Judge Reddy has absolute judicial immunity from suit for acts or omissions performed in his judicial capacity, *see Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005), and District Attorney Wiedenfeld has absolute prosecutorial immunity for actions taken in his capacity as a prosecutor, even including malicious prosecution unsupported by probable cause, *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). In addition, this court would not have subject matter jurisdiction over any claims seeking to challenge state court proceedings and decisions rendered before the district court proceedings commenced. *See Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff also seeks to sue the State of Wisconsin "for allowing such a corrupt county to exist within its borders." (Dkt. #1, at ¶ 8.) However, the state may be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*,

251 F.3d 588, 592 (7th Cir. 2001) ("[T]he Eleventh Amendment bars a citizen from suing a state for money damages in federal court without the state's consent.").

Remaining are plaintiff's vague allegations against two separate sets of defendants, which can be grouped into two different lawsuits:

1. Defendants Gerber, Stagg, and Delgado violated plaintiff's Fourth Amendment rights by illegally seizing him based on a false charge of domestic battery.

2. Defendant Sawyers runs the Walworth County Jail in a manner that violates plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.[3] Specifically, the guards keep the lights on 24 hours a day, which causes plaintiff sleep deprivation.

Under Federal Rule of Civil Procedure 20, a plaintiff may join claims together in one lawsuit if he asserts "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

---

[3] Different standards apply to an incarcerated person's claims brought under the Constitution depending on the legal status of the plaintiff: the Eighth Amendment governs claims of convicted prisoners, the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Fourth Amendment governs claims of arrestees for whom there has not yet been a judicial determination of probable cause. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). Because it appears that plaintiff was being held as a pretrial detainee at the jail, this claim arises under the Fourteenth Amendment.

Only one group of claims identified above may proceed under this case number. Therefore, plaintiff must decide which group of claims will proceed under this case number, and whether he wishes to proceed with the other group of claims in a separate lawsuit.

Regardless of how plaintiff chooses to proceed, he must submit a new complaint that clarifies his claims. Plaintiff omits important details about the events that occurred and what the proposed defendants each did to violate his constitutional rights. For example, plaintiff does not provide any detail about the alleged illegal seizure, including when it occurred, what happened, and what each defendant did to violate his rights under the Fourth Amendment. In addition, while constant illumination in a jail may violate an inmate's constitutional rights if it denies the inmate the minimal civilized measure of life's necessities, and the defendants were deliberately indifferent to these conditions, *see Mathews v. Raemisch*, 513 F. App'x 605, 607 (7th Cir. 2013); *Franklin v. Beth*, No. 05-cv-916, 2008 WL 4131629, at *9 (E.D. Wis. Sept. 4, 2008), plaintiff does not allege how bright the lights are, the extent of his sleep deprivation and how it harmed him, or whether he was permitted to cover his eyes to block out the light and help him sleep, *Ybarra v. Wells Cnty. Jail*, No. 17-cv-211, 2017 WL 2289366, at *2 (N.D. Ind. May 25, 2017) (finding allegations lacking in same respects).

As a result, the complaint violates Rule 8 of the Federal Rules of Civil Procedure because it fails to provide proper notice to defendants of plaintiff's claims against them. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights.

Accordingly, to proceed with this lawsuit, plaintiff will be required to file an amended complaint, focusing only on essential factual allegations, so that the court can evaluate his

claims. Plaintiff must submit one proposed pleading that includes all of the claims and defendants he wishes to proceed against in this lawsuit. Nonetheless, plaintiff should *not* amend his allegations against the State of Wisconsin, Judge Reddy, and DA Wiedenfeld. The court has no basis to infer that plaintiff could amend his complaint to save his claims against those defendants from dismissal, so it will not offer him the opportunity to do so. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to amend after dismissal of the first complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.").

More practically speaking, in preparing his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. As best he can, plaintiff should also tell his story chronologically, inserting allegations related to each defendant at the time in the chronology of events that they became involved. Most importantly, plaintiff should not include information not directly related to his claims. He should set forth the most important facts in his case and focus on the main event that was the reason for this suit. If plaintiff decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

If plaintiff submits a proposed amended complaint no later than January 10, 2025, the court will take it under advisement for screening.

ORDER

IT IS ORDERED that:

1) Plaintiff Conrad Braun's complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8 and 20.

2) Plaintiff has until **January 10, 2025**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice under Fed. R. Civ. P. 41(b), for failure to prosecute.

Entered this 11th day of December, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge